IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-297-FL

| | | |
|---|---|---|
| JACALYN FRENCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 20, 22).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued memorandum and recommendation ("M&R") (DE 26) recommending that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R and the time in which to respond has passed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed an application for Disabled Widow's Insurance Benefits ("DWB") on April 6, 2009, alleging disability beginning on April 30, 2004. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision dated

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

November 19, 2010. The Appeals Council ("AC"), denied plaintiff's request for review on August 14, 2012. Plaintiff filed complaint in the Eastern District of North Carolina on October 11, 2012, for review of the final administrative decision.

**DISCUSSION**

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315

(4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for disability benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, prior to performing the sequential evaluation, the ALJ determined that plaintiff is an unmarried widow of a deceased insured worker and at least fifty (50) years of age. He then found that to be eligible for DWB, plaintiff must establish her disability began by April 30, 2004.

The ALJ then performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: Lyme's disease, depression, and anxiety. However, at step three, the ALJ further determined that these impairments were not severe enough, individually or in combination, to meet or medically equal one of the impairments in the regulations. Applying the special technique for evaluation of mental impairments, the ALJ found that plaintiff's mental impairments

3

resulted in no limitations in her activities of daily living, mild difficulties in social functioning, and mild to moderate difficulties with concentration, persistence and pace and no episodes of decompensation of extended duration.

Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform unskilled light work with certain limitations. Specifically, she could not climb, crawl, be exposed to industrial hazards, and could not perform work activity requiring fine visual acuity. At step four, the ALJ determined that plaintiff could perform any of her past relevant work, but found at step five that plaintiff could adjust to the demands of other employment opportunities existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff was not disabled.

B.   Analysis

Plaintiff raises three objections to the M&R. First, plaintiff argues that the ALJ's failure to consider her delusions of parasitosis as a severe impairment was reversible error. Second, plaintiff asserts that the ALJ's RFC finding was not based on applicable legal standards and supported by substantial evidence of record. Third, plaintiff contends that the hypothetical presented to the vocational expert ("VE") by the ALJ did not adequately reflect her RFC. Upon *de novo* review of plaintiff's objections, the court concludes these objections should be overruled.

   1.   Plaintiff's delusions of parasitosis

Plaintiff argues that the ALJ's failure to consider whether her delusions of parasitosis were a severe impairment is reversible error.

> Where an ALJ has already determined that a plaintiff suffers from at least one severe impairment, any failure to categorize an additional impairment as severe generally

4

cannot constitute reversible error, because, upon determining that a claimant has one severe impairment, the Secretary must continue with the remaining steps in his disability evaluation.

Powell v. Astrue, 927 F. Supp. 2d 267, 274 (W.D.N.C. 2013) ; see also Peterson ex rel. H.B. III, v. Astrue, No. 7:10-CV-39-FL, 2011 WL 285564, at *3 (E.D.N.C. Jan. 26, 2011) (same); 20 C.F.R. § 404.1523 (ALJ must consider severe and non-severe impairments in remaining steps of the sequential analysis). Thus, "[w]hen an ALJ erroneously finds an impairment to be non-severe at step two, there is no prejudice to the claimant if the ALJ sufficiently considers the effects of that impairment at subsequent steps." Hammond v. Astrue, No. CIV.A. TMD 11-2922, 2013 WL 822749, at *2 (D. Md. Mar. 5, 2013).

Here, the ALJ found plaintiff had other severe impairments, so any failure to properly categorize her delusions of parasitosis would justify remand only if the ALJ did not consider this impairment in the remaining steps of the sequential analysis. Plaintiff maintains that the ALJ failed to consider her delusions of parasitosis in the remaining steps. As discussed in the M&R, this argument is without merit. At step three, the ALJ applied to special technique to plaintiff's "mental impairments . . . singly and in combination." R. 21. Such mental impairments include her delusions of parasitosis.[2] Similarly, in determining plaintiff's RFC, the ALJ noted that plaintiff had been diagnosed with delusions of parasitosis by Drs. LaRose and Miranda, that Dr. Namey stated that

---

[2] To the extent that ALJ should have explicitly considered these mental impairments under Listings 12.03 and 12.07, any such error was harmless for reasons given in the M&R. Specifically, to satisfy any mental impairment listing, a claimant must satisfy "the diagnostic description in the introductory paragraph of both paragraphs A and B (or A and C, when appropriate) of the listed impairment." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. Listings 12.03 and 12.07 contain the same "paragraph B" criteria as Listings 12.04 and 12.06. See 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.03, 12.04, 12.06, 12.07. Thus, the ALJ's analysis that plaintiff did not meet the paragraph B crieria for Listings 12.04 and 12.06 is conclusive as to the paragraph B criteria for Listings 12.03 and 12.07 also. See R. 21. Similarly, as outlined in the M&R, the ALJ's findings foreclose determination that plaintiff meets the paragraph C criteria in Listing 12.03. See R. 25. Finally, listing 12.07 has no paragraph C. Accordingly, plaintiff fails to meet either listing 12.03 or 12.07.

5

plaintiff's anxiety and depression stemmed from those delusions. R. 24. However, he found no evidence that plaintiff's mental health impairments caused significant limitations. R. 24; see Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) ("[A] psychological disorder is not necessarily disabling. There must be a showing of related functional loss.").[3] Accordingly, plaintiff's first objection is overruled.

2. The RFC finding

Plaintiff contends that the ALJ's RFC finding was not based on the correct legal standards and was not supported by substantial record evidence. Plaintiff maintains that the ALJ did not properly take into account the limitations created by her mental impairments as evidenced by the treatment notes of plaintiff's treating and examining physicians. For reasons given in the M&R, this objection will be overruled.

Plaintiff asserts that the RFC found by the ALJ did not adequately account for the limitations arising from her delusions of parasitosis, depression, and anxiety. When determining whether a claimant is disabled, an ALJ must "consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)(B); see also Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989) ("Congress explicitly requires that the combined effect of all the individual's impairments be considered, without regard to whether any such impairment if considered separately would be sufficiently severe." (quotations omitted)).

As discussed above, and as noted in the M&R, the ALJ specifically discussed plaintiff's

---

[3] As also noted in the M&R, plaintiff failed to testify regarding this diagnosis at hearing. See Aytch v. Astrue, 686 F. Supp. 2d. 590, 599 (E.D.N.C. 2010) ("[W]hen an applicant for social security benefits is represented by counsel, the [ALJ] is entitled to assume that the applicant is making his strongest case for benefits." (quotations omitted)).

6

anxiety, depression, and delusions of parasitosis in determining her RFC, finding that the record did not contain evidence that these impairments, during the relevant time, would prevent her from performing the demands of unskilled work. R. 24. While the evidence cited by plaintiff does indeed show that she was disturbed by delusions of parasitosis, see R. 253-59, 312-14, 334, 478-82, 484, 503, 527, 584, it does not contradict the ALJ's RFC determination that plaintiff was capable of a limited range of unskilled light work. Nor does plaintiff point to any evidence of record showing that her depression and anxiety are incompatible with the ALJ's RFC determination. Gross, 785 F.2d at 1166.[4] Accordingly, this objection is overruled.

3.  The hypothetical presented to the VE

Plaintiff finally contends that the hypothetical the ALJ presented to the VE did not adequately reflect plaintiff's RFC because the RFC found by the ALJ was not supported by substantial evidence. The court has found that the ALJ's RFC determination was supported by substantial evidence; therefore this objection must also fail, and is overruled.

**CONCLUSION**

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the recommendation of the magistrate judge (DE 26), DENIES plaintiff's motion for judgment on the pleadings (DE 20), GRANTS defendant's motion for judgment on the

---

[4] To the extent that plaintiff asserts that the ALJ did not properly assess the medical opinions of record, this objection is also overruled for reasons propounded in the M&R. See M&R 16-21. As discussed in more detail therein, the opinions regarding plaintiff's impairments that were rendered after the relevant time period were properly accorded less weight in determining her impairments during the relevant time period. The record evidence of plaintiff's impairments during the relevant period did not support the inference that she had the same degree of limitation during that time as she did when the opinions were rendered.

7

pleadings (DE 22), and AFFIRMS the final decision by defendant. The clerk is DIRECTED to close this case.

SO ORDERED this the 31st day of March, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge